CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
NOV 25 2008
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DIANE M. MCDANIEL,<br>　　Plaintiff, | )<br>)　Civil Action No. 7:08cv00595<br>) |
| v. | )　**MEMORANDUM OPINION**<br>) |
| WILLIAM G. PETTY, <u>et al.</u>,<br>　　Defendants. | )　By: Hon. Jackson L. Kiser<br>)　Senior United States District Judge |

Diane M. McDaniel, an inmate proceeding <u>pro se</u>, filed this action under 42 U.S.C. § 1983. In her complaint, she alleges that the defendants violated her civil rights by convicting her, upon insufficient evidence, of second degree murder, a crime which she alleges that she did not commit, and sentencing her to 30 years incarceration. McDaniel seeks $3,000 in damages. Upon consideration of McDaniel's complaint, I find that this action must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.[1]

### I.

A § 1983 action is not the proper vehicle to challenge the fact or duration of confinement. <u>Presier v. Rodriguez</u>, 411 U.S. 475, 484 (1973) (holding that challenges to the validity of confinement or the particulars of its duration are properly raised in a habeas corpus action). "[A] state prisoner's § 1983 action is barred . . . <i>if</i> success in that action would necessarily demonstrate the invalidity of confinement or its duration." <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81-2 (2005) (finding that a claim challenging state procedures in denying parole <i>could</i> be brought under § 1983 because, if successful on his claims, the plaintiff would be entitled to a new parole hearing, at most). In this case, McDaniel clearly contests the validity of her confinement in the Fluvanna Correctional Center. Such a claim may be appropriate under 28 U.S.C. § 2254, but cannot be brought under § 1983 and, therefore, must be

---

[1] 28 U.S.C. § 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

dismissed.[2]

## II.

Plaintiff's claim for damages also must be dismissed. In order to recover damages for unlawful confinement, McDaniel must demonstrate that her current confinement was "declared invalid by a state tribunal authorized to make such determination" or that it was "called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). As McDaniel has not established that her confinement has been declared invalid by a state tribunal, nor that a writ of habeas corpus has been issued, her claim for damages must be dismissed.

## III.

For the stated reasons, McDaniel's complaint must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send certified copies of this Memorandum Opinion and accompanying Order to the plaintiff and to counsel of record for the defendants, if known.

ENTER: This 25th day of November, 2008.

*[signature]*
Senior United States District Judge

---

[2] The court will not construe McDaniel's complaint as a motion for writ of habeas corpus pursuant to § 2254 because her conviction is from 2003 and it is not clear that a § 2254 petition would be timely and exhausted. See Preiser v. Rodriguez, 411 U.S. 475 (1973) (under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted); 28 U.S.C. § 2244(d)(1)(A) (The limitation period for filing a § 2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.).